IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLARENCE STEWART                                                                     PLAINTIFF

vs.                                        Civil No. 4:13-cv-04109

CAROLYN W. COLVIN                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Clarence Stewart ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB and SSI on February 3, 2011.  (Tr. 10, 127-132).  Plaintiff alleged he was disabled due to severe learning problems, high blood pressure and vision problems.  (Tr. 162).  Plaintiff alleged an onset date of March 1, 2007.  (Tr. 10).  These applications were denied initially and again upon reconsideration.  (Tr. 59-69, 72-76).  Thereafter,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Plaintiff requested an administrative hearing on his applications and this hearing request was granted. (Tr. 77-78).

Plaintiff's administrative hearing was held on May 25, 2012. (Tr. 22-55). Plaintiff was present and was represented by counsel, Joseph B. Liken, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Jerold L. Hildre testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and graduated from high school. (Tr. 29-30).

On August 29, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 10-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2007. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 2007. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairments of arthralgia, hypertension, diabetes, left eye cataract, obesity, and learning disorder. (Tr. 12, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-18). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for a wide range of light work, but would require a sit/stand option at one-hour intervals; should not climb ladders, ropes or scaffolds; should engage only occasionally in postural functions such as climbing ramps and stairs, balancing, kneeling, stooping, crawling, bending, and crouching; should

avoid close detail work and work requiring good depth perception; should avoid exposure to hazards such as unprotected heights, fast moving machinery, sharp objects and open flames; and should avoid extremes of temperature and concentrated exposure to vibration. (Tr. 16, Finding 5). From a mental standpoint, the ALJ limited Plaintiff to work with simple one and two-step instructions; simple, direct and concrete supervision; and no strict production requirements associated with the job. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 5). The ALJ found Plaintiff unable to perform his PRW as a chicken hanger and as a janitor. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 19, Finding 9). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a laundry folder with approximately 2,400 such jobs in Arkansas and 165,000 such jobs in the nation, hand washer with approximately 2,400 such jobs in Arkansas and 165,000 such jobs in the nation, and as a lining scrubber with approximately 2,400 such jobs in Arkansas and 165,000 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from March 1, 2007 through the date of the decision. (Tr. 20, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On November 14, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 15, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10, Pg. 9-16. Specifically, Plaintiff claims the ALJ erred: (1) in failing to properly assess Plaintiff's low IQ, (2) in failing to give proper treatment to the opinions of Plaintiff's physician, (3) in failing to find Plaintiff met a Listing, (4) in the RFC determination, and (5) in failing to submit a complete hypothetical to the VE. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11. Because this Court finds the ALJ failed to give proper treatment to the opinions of Plaintiff's physician, this Court will only address this issue.

Social Security Regulations and case law state that a treating physician's opinion will be

granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

On June 4, 2012, Plaintiff was evaluated by Dr. Betty Feir.  (Tr. 477-478).  Dr. Feir assessed Plaintiff's I.Q. and found a Full Scale I.Q. of 54, placing him in the extremely low range of overall intellectual functioning.  (Tr. 478).  Dr. Feir stated Plaintiff appeared to give adequate effort and the results appear to be valid.  *Id.*  Also, Dr. Feir found the scores were indicative of mild mental retardation.  *Id.*

Over a year earlier, on May 12, 2011, Plaintiff was evaluated by Dr. David Grant.  (Tr. 471-474).  Dr. Grant indicated he was unable to obtain definitive IQ results because Plaintiff did not cooperate.  (Tr. 472).  In discounting the opinions of Dr. Feir, the ALJ referenced Dr. Grant's statement that Plaintiff did not give adequate effort and cooperation during his assessment; that the Plaintiff managed to work at Tyson Foods for several years, and; Plaintiff's presentation at the hearing was not consistent with a finding of mental retardation.  (Tr. 15-16).

While it is true Dr. Feir was a one time exam, so too was Dr. Grant.  Even so, even Dr. Grant acknowledged Plaintiff's mental limitations when assessing a GAF score of 55-65 for Plaintiff.  (Tr.

6

473).  Further, it should be pointed out Plaintiff failed a driver test twice and has never received a driver's license; was in special education at school; and had a GPA of 1.447.  (Tr. 300).

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions.  *See Brown v. Astrue,* 611 F.3d 941, 951-52.  However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so."  *Id.* (internal quotation and citation omitted).  In this matter, the ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Feir's findings.  *See Brown,* 611 F.3d at 951-52.  Here, the ALJ just simply relied on Dr. Grant's findings over Dr. Feir's and then made a statement that Plaintiff's presentation at the hearing was not consistent with mental retardation.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Dr. Feir.  Therefore, this case should be reversed and remanded for proper review and analysis of these opinions.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **27th day of January 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE